**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNBEATABLESALE.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., f/k/a FACEBOOK, INC., <br><br> Defendant. | Civil Action No. 22-6369 (MAS) (RLS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendant Meta Platforms, Inc., f/k/a Facebook, Inc.'s ("Defendant" or "Meta") Motion to Dismiss Plaintiff Unbeatablesale.com Inc.'s ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), or in the Alternative, to Transfer Venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). (ECF No. 13.) Plaintiff opposed (ECF No. 19), and Defendant replied (ECF No. 23). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's alternative request to transfer this case to the Northern District of California.

I.      BACKGROUND[1]

Plaintiff brings this action against Meta alleging breach of contract regarding Meta's terms of service (the "Terms"). (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff alleges that Defendant violated the Terms, which constitute a contract, by removing Plaintiff's content without "let[ting] Plaintiff know about it." (*Id.* ¶ 10.) Meta allegedly removed this content in response to complaints of intellectual property violations. (*Id.* ¶ 11.) Plaintiff's Facebook page is currently restricted by Defendant because it "didn't follow community standards." (*Id.* ¶ 24.) Additionally, Plaintiff puts forth that it only found out about the removal of the content "much later through vague postings on its Facebook notice page" despite the portion of the Terms stating that, "[i]f [Meta] remove[s] content that [the user has] shared in violation of the [c]ommunity [s]tandards, [Meta will] let [the user] know and explain any options [the user may] have to request another review." (*Id.* ¶¶ 8, 15.) Because Defendant did not timely inform Plaintiff of the intellectual property complaints against it, Plaintiff avers that it was unable to respond. (*Id.* ¶ 22.)

Plaintiff further alleges that because of Defendant's removal of its content, which consisted of product listings, Plaintiff "lost sales and money." (*Id.* ¶ 19.) Plaintiff notes that its Facebook page generated "approximately $1 million in sales per year" prior to the restrictions imposed by Defendant. (*Id.* ¶ 27.) These restrictions, according to Plaintiff, have led to average daily sales on its Facebook page dropping from fifty sales to one or two. (*Id.* ¶¶ 26, 28-29.)

Defendant moves to dismiss on four grounds. (Def.'s Moving Br. 2, ECF No. 13-1.) *First,* Defendant disputes personal jurisdiction. (*Id.* at 6.) Defendant contends that it should not be subject to general jurisdiction because it is not incorporated in and does not have its principal place of

---

[1] In considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

business in New Jersey. (*Id.* at 7.) Additionally, Defendant highlights that it should not be subject to specific jurisdiction because Plaintiff's claim does not arise out of any activities directly targeted towards New Jersey. (*Id.* at 8.) *Second*, Defendant contends that Plaintiff fails to state a claim for breach of contract. (*Id.* at 9.) *Third*, Defendant avers that Section 230 of the Communications Decency Act ("Section 230") serves as an independent bar to Plaintiff's breach of contract claim. (*Id.* at 15.) *Fourth and finally*, Defendant argues that the controversy is governed by the forum selection clause located within the Terms; accordingly, Defendant contends that this case should be dismissed or, in the alternative, transferred to the Northern District of California. (*Id.* at 19.)

## II.   LEGAL STANDARD

A forum selection clause "may be enforced through a motion to transfer under [Section] 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for the W.D. Tex.*, 571 U.S. 49, 59 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where a valid forum selection clause exists, the traditional Section 1404(a) analysis is modified in three ways. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Atl. Marine*, 571 U.S. at 64). "First, no weight is given to the plaintiff's choice of forum." *Id.* Second, the district court only considers public interest factors, rather than arguments about the parties' private interests. *Id.* Third, when a case is transferred due to a forum selection clause, "a [Section] 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* "[B]ecause the public interest factors . . . will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." *Id.* Thus, "'[i]n all but the most unusual cases,' the parties will be held to their bargained-for choice of

forum." *Id.* at 57-58.

## III. DISCUSSION

As an initial matter, the Court addresses Defendant's argument for transfer of this case due to the forum selection caus. *See Foster v. Chesapeake Ins.*, 933 F.2d 1207, 1212 n.7 (3d Cir. 1991) ("A forum selection clause does not oust a court of subject matter jurisdiction . . . and abstention is, of course, predicated on the notion that while the federal court *has* subject [matter] jurisdiction, it should decline to *exercise* it." (internal citation omitted). The relevant portion of the forum selection clause is as follows:

> [The user] and Meta each agree that any claim, cause of action, or dispute between [user and Meta] that arise out of or relates to these Terms or [user's] access or use of the Meta Products shall be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County. [User] also agree[s] to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim, and that the laws of the State of California will govern these Terms and any claim, cause of action or dispute without regard to conflict of law provisions.

(Def.'s Moving Br. 4; *see also* Terms 11, Ex. A, ECF No. 13-3.) Plaintiff also acknowledges the existence of the forum selection clause in its subsequent briefings. (Pl.'s Opp'n Br. 13 n. 1., ECF No. 19.) The Terms provide that any disputes with Meta should be brought exclusively in California. (Def.'s Moving Br. 19; *see* Terms at 11.) And, as Plaintiff concedes, Meta's Terms govern Plaintiff's use of Facebook. (Compl. ¶¶ 7-8.) Accordingly, all allegations related to Plaintiff's use of Facebook fall within the scope of the forum selection clause.

The Court thus turns to the question of whether the forum selection clause should be enforced. "[F]orum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" *Foster*, 933 F.2d at 1219 (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1907)). Forum

4

selection clauses will therefore be enforced unless the party opposing enforcement establishes "(1) that it is a result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Cent. Jersey Constr. Equip. Sales, LLC v. LBX Co.*, No. 20-19784, 2021 WL 3130855, at *2 (D.N.J. July 21, 2021) (quoting *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). "[I]n attempting to make the requisite showing, the opposing party bears 'a heavy burden of proof.'" *Id.* (quoting *Mucciariello v. Viator, Inc.*, No. 18-14444, 2019 WL 4727896, at *3 (D.N.J. Sept. 27, 2019)).

Here, Plaintiff makes no attempt to suggest that the forum selection clause is invalid. For example, Plaintiff does not contend that the forum selection clause is a result of fraud. (*See generally* Pl.'s Opp'n Br.) In fact, a central tenet of Plaintiff's argument is that the Terms, which contain the forum selection clause, "constitute a contract between Meta and its users, including Plaintiff." (Compl. ¶ 32.) Plaintiff also does not make any accusations that enforcement would violate public policy or that enforcement would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. (*See generally id.*) Instead, Plaintiff concedes that "if the Court finds a lack of personal jurisdiction, this case should not be dismissed but rather transferred to the U.S. District Court for the Northern District of California pursuant to the forum selection clause in the [Terms]." (Pl.'s Opp'n Br. 13 n.1.) Because Plaintiff does not meaningfully oppose the forum selection clause and the forum selection clause is a part of a legitimate contractual agreement, the Court finds that the forum selection clause applies.

Finally, the Court considers whether transfer is appropriate. Courts consider six public interest factors when deciding whether a transfer is warranted: "(1) enforceability of the judgment;

(2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty resulting from court congestion; (4) local interest in deciding the controversy; (5) public policies of the fora; and (6) the court's familiarity with applicable state law in diversity cases." *Cent. Jersey Constr. Equip. Sales, LLC*, 2021 WL 3130855, at *2 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)). Because the forum selection clause is valid and enforceable, no weight is given to Plaintiff's choice to file in this District. *See In re McGraw-Hill*, 909 F.3d at 57 (citing *Atl. Marine*, 571 U.S. at 64).

The public interest factors here weigh in favor of transfer. The first factor is neutral because a judgment from this District or the Northern District of California "could easily be registered in another district." *SI Power LLC v. Pathway Holdings Mgmt. V, LLC*, No. 15-6101, 2016 WL 7130920, at *9 (D.N.J. Dec. 7, 2016). The second factor weighs slightly in favor of transfer; while neither party has identified any practical considerations that weigh in favor of, or against, transfer, numerous courts have held that Meta is subject to general jurisdiction in California, making a trial there easier as a practical matter considering the dearth of facts in this case demonstrating a connection between Meta and New Jersey. *See, e.g., Harrison v. Facebook, Inc.*, No. 18-147, 2019 WL 1090779, at *3 (S.D. Ala. Jan. 17, 2019) (holding that Facebook is subject to general jurisdiction only in Delaware and California). The third factor weighs in favor of transfer because the District of New Jersey has faced significant court congestion for years, and "the administrative difficulties stemming from court congestion heavily support transferring this matter." *Fin. Res. Fed. Credit Union v. Alloya Corp. Fed. Credit Union*, No. 20-6180, 2021 WL 268176, at *8 (D.N.J. Jan. 27, 2021). The District of New Jersey has a demonstrably heavier caseload than the Northern District of California. A comparison of the relative congestion of dockets in the two districts suggests that this action is likely to reach its resolution more efficiently in the Northern

District of California than in this Court.[2] The fourth factor also weighs in favor of transfer because, while New Jersey may have an interest in resolving contract disputes involving its residents, the agreement at issue contains a valid California forum selection clause, which "should be given controlling weight in all but the most exceptional cases." *See Atl. Marine*, 571 U.S. at 63. "To that end, the fifth factor weighs in favor of [transfer] because of New Jersey . . . public policy in favor of enforcing contractual provisions, including forum selection clauses." *Mancuso v. L'Oréal USA, Inc.*, No. 20-5701, 2021 WL 365228, at *6 (D.N.J. Feb. 1, 2021). Additionally, the sixth factor weighs in favor of transfer because the terms of service contain a California choice-of-law provision, making California a more appropriate forum. (*See* Def.'s Moving Br. 4.) On balance, then, the public interest factors weigh strongly in favor of transferring this matter to the Northern District of California.

In sum, the forum selection clause is valid and the public interest factors weigh in favor of transfer. The Court, accordingly, grants Defendant's alternative request to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[3] *See Johnson*, 2022 WL 4777586, at *3 (granting Meta's alternative request to transfer to the United States District Court for the Northern District of California due to forum selection clause).

---

[2] Indeed, the most recent U.S. Court's Statistics and Reports indicate that as of March 31, 2023, there were 62,015 pending cases in New Jersey and 12,746 pending in the Northern District of California. *See* U.S. Courts, "U.S. District Courts–Civil Federal Judicial Caseload Statistics," https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2023/03/31.

[3] Because the Court finds transfer is appropriate, the Court declines to consider Defendant's other arguments pertaining to dismissal. *See Johnson v. Meta Platforms, Inc.*, No. 22-00033, 2022 WL 4777586, at *3 (D. Md. Oct. 3, 2022) ("To respect the contractual agreement between the parties in the forum selection clause, this [c]ourt also declines to address Meta's arguments for dismissal under the Federal Rules of Civil Procedure.").

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion is denied as to dismissal, but granted as to the request to transfer venue to the Northern District of California.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
