UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNBEATABLESALE.COM, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS INC.,<br><br>　　　　Defendant. | Case No.  3:23-cv-03719-JD<br><br>**ORDER RE MOTION TO DISMISS AND TO SHOW CAUSE** |

　　　　Plaintiff UnbeatableSale.com, Inc. (UBS) originally sued defendant Meta Platforms Inc. (Meta) in the District of New Jersey for a single claim of breach of contract in connection with the removal of UBS's posted content.  Dkt. No. 1.  In July 2023, the New Jersey court transferred the case to this Court on the basis of a contractual forum selection clause.  Dkt. No. 30.

　　　　Since the arrival of the case here, UBS has done nothing to prosecute this action.  UBS's lawyer in New Jersey did not file an application to appear pro hac vice in this District, and no other lawyer has made an appearance.  As a result, there does not appear to be a lawyer representing UBS who is admitted to practice in this District.  UBS did not oppose or otherwise respond in any way to a motion to dismiss that Meta filed in August 2023, Dkt. No. 41, even though Meta requested, and the Court granted, an extension of time for UBS to respond, Dkt. Nos. 42, 43.  In October 2023, Meta filed a request for a stay on the grounds that the parties had "agreed in principle to discontinue litigating" and were discussing a settlement.  Dkt. No. 46.  The Court vacated a case management conference based on these representations, but declined to enter a stay until a formal notice of settlement was filed.  Dkt. No. 47.  A notice of settlement has not been filed, and Meta asked in December 2023 to vacate another case management conference, and for an order on the unopposed motion dismiss, because no attorney had surfaced for UBS.  Dkt.

No. 49.

Overall, UBS has given every indication that it has abandoned this case and does not intend to prosecute it. With respect to the motion to dismiss, the docket indicates that UBS and its attorney in New Jersey knew about the motion, and discussed an extension of time to respond with Meta. Even so, UBS and its lawyer never responded or said a word to the Court in opposition to the motion. Consequently, the complaint is dismissed. *See Calip v. Soc. Sec. Admin.*, No. 14-CV-02047-JD, 2014 WL 3421147, at *2 (N.D. Cal. July 14, 2014).

Looking at the case as a whole, UBS's complete inaction amply justifies termination of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b). There is no place in the heavy case load each judge in this District carries for no-show litigants like UBS, who make no effort whatsoever to litigate their claims in a fair and efficient manner. UBS and its attorney have imposed undue burdens on Meta and the Court, and aggravated a bad situation by not communicating at all with the Court about this case.

Even so, the Court will allow UBS an opportunity to show cause in writing why the case should not be dismissed in its entirety. Attorney Todd Schwartz, who is listed as counsel of record here for UBS and is its attorney in New Jersey, is responsible for communicating with UBS about this order. A response consistent with this order must be filed by January 19, 2024. A failure to respond will result in a dismissal of the case under Rule 41(b). UBS is advised that an excuse based on needing time to find local counsel in the District will likely be inadequate to avoid dismissal. UBS has had more than enough time to hire a lawyer authorized to practice here. Depending on the content of the response, the Court reserves a final order on whether the dismissal of the complaint will be with leave to amend.

**IT IS SO ORDERED.**

Dated: January 9, 2024

JAMES DONATO
United States District Judge